UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SIMRANJEET SINGH MAAN,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE UNITED STATES, IN HIS OFFICIAL CAPACITY; SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, IN HIS OFFICIAL CAPACITY; DIRECTOR OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ACTING DIRECTOR, ST. PAUL FIELD OFFICE, IN HIS OFFICIAL CAPACITY; AND SHERIFF OF LAWRENCE COUNTY JAIL, IN HIS OFFICIAL CAPACITY;<br><br>Defendants. | 5:26-CV-05087-RAL<br><br>OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS |

The Department of Homeland Security's Immigration and Customs Enforcement (ICE) has detained Petitioner Simranjeet S. M. since June 15, 2026, after he was stopped for speeding while driving a commercial vehicle in South Dakota. On July 10, 2026, Simranjeet S. M. filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking injunctive relief and court-ordered release. Doc. 1. Respondent answered and sought denial of the Petition, filing a Declaration of William J. Robinson Deportation Officer to provide additional information. Docs.

11, 12. Simranjeet S. M. has filed a Reply, Doc. 14. For the reasons explained below, this Court denies and dismisses the Petition without prejudice.

## I. Facts

On or about August 11, 2022, Simranjeet S. M. entered the United States without authorization near San Luis, Arizona. Doc. 12 at 1. Simranjeet S. M. is a citizen of India. Doc. 1 at 2. Shortly after entering the United States, immigration officials apprehended and detained Simranjeet S. M. and placed him in removal proceedings. Doc. 1 at 2. On September 6, 2022, ICE released Simranjeet S. M. on an Order of Recognizance. Id.; Doc. 12 at 1. Simranjeet S. M. claims that by doing so, ICE determined him to be neither a flight risk nor a danger. Id. ICE has not located the Form I-220A. Doc. 12 at 1-2. On November 10, 2022, Simranjeet S. M. filed an I-589 application for asylum, which remains pending. Doc. 12 at 2.

According to the Petition, Simranjeet S. M. is a resident of Fresno, California. Doc 1 at 24. Simranjeet S. M. obtained a commercial driver's license issued by the state of New York. Doc. 12, Ex. C. The Petition states that he held an employment authorization document since June 10, 2025. Doc. 1 at 24.

On June 10, 2026, Simranjeet S. M. was driving a commercial vehicle when the Belle Fourche Police Department stopped him for speeding. Doc. 12 at 2. A license check revealed that Simranjeet S. M.'s license had been suspended. Doc. 12 at 2. Simranjeet S. M. was taken into custody at the Meade County Jail. Id. On June 15, 2026, ICE Deportation Officer Howie took custody of Simranjeet S. M. Doc. 11 at 3. Simranjeet S. M. remains in custody at Lawrence County Jail. Id.

The I-200 warrant provided to this Court is dated June 11, 2026. Doc. 11, Ex. A. This warrant reads that the officer "ha[s] determined that there is probable cause to believe that

Simranjeet [S. M.] is removable from the United States." Id. The officer checked the box on the form indicating that "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." Id. Officer Howie served Simranjeet S. M. with the warrant. Id.

On August 11, 2026, Officer Howie signed an I-213 Form. Doc. 12 at 3. That form records that Simranjeet S. M. was in good health, was single with no children, had parents who were citizens and nationals of India, and did not claim to be a victim of a crime. Doc. 12 at 3. According to the Form I-831, Simranjeet S. M. "makes no claim to U.S. citizenship or lawful permanent resident status," and that he is "amenable to removal for violations of [...] Section 212(a)(6)(A)(i) of the Immigration and Nationality Act [...] as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Id. Simranjeet S. M. has not received a detention hearing since his June 10 arrest. Doc. 1.

On July 10, 2026, Simranjeet S. M. filed the instant petition, asserting that he is entitled to immediate release or a bond hearing because his prolonged detention without a bond hearing violates his Fifth Amendment right to due process. Doc. 1. The Petition contains six counts—two alleging due process violations, one alleging a Fourth Amendment violation, two making claims under the Administrative Procedure Act (APA), and a final claim under 8 U.S.C. § 1226. On July 15, 2026, this Court issued a temporary restraining order enjoining for fourteen days Simranjeet S. M.'s removal or transfer outside the District of South Dakota until further order so there was no risk that his removal would deprive this Court of jurisdiction over his Petition. Doc. 6. On August

4, 2026, this Court extended this order for an additional fourteen days to allow completion of briefing. Doc. 13. That second temporary restraining order expires today.

On August 11, 2026, the Fort Snelling, Minnesota Immigration Court held an individual merits hearing on Simranjeet S. M.'s asylum application and removal proceedings. During the hearing, ICE filed a motion to deny relief based on an allegedly fraudulent application for asylum filed by Simranjeet S. M. There is nothing in the record that Simranjeet S. M. has claimed a fear of persecution or torture in India.

## II. Discussion

A writ of habeas corpus enables a person detained by the government to challenge the legality of the confinement and, if successful, obtain release. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973). Habeas corpus relief under 28 U.S.C. § 2241 confers jurisdiction upon federal courts to hear habeas challenges to the lawfulness of immigration-related detention, Zadvydas v. Davis, 533 U.S. 678, 687 (2001), but a court's jurisdiction to hear such claims is limited, see 8 U.S.C. § 1226(e); Demore v. Kim, 538 U.S. 510, 516–17 (2003). The petitioner bears the burden of proving by a preponderance of the evidence that his or her detention is unlawful. Walker v. Johnston, 312 U.S. 275, 286 (1941); Aleksei M. v. Warden, 5:26-cv-5030-RAL, Doc. 19 at 6 (April 27, 2026).

In his Petition, Simranjeet S. M. argues that his detention without a bond determination violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 25. Respondents assert that Simranjeet S. M. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to release. Doc. 11 at 4. This position is consistent with the change in July of 2025 in interim guidance from ICE. See Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025); Maldonado v. Olson, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (noting new interim guidance

and discussing historical treatment of noncitizens residing in the United States and interpretations of §§ 1225 and 1226). Before July of 2025 and as previously and widely understood, 8 U.S.C. § 1226 would have provided a statutory claim for Simranjeet S. M. to a bond hearing. See Esli D. B.G. v. Bondi, No. 5:26-CV-05020-RAL, 2026 WL 734992, at *4 (D.S.D. Mar. 16, 2026). But earlier this year, a panel of the United States Court of Appeals for the Eighth Circuit chose to interpret "seeking admission" in 8 U.S.C. § 1225 very broadly to apply not only to those stopped at or close to the border, but also those who have lived and worked in the United States awaiting determination of their status to remain in the United States. Avila v. Bondi, 170 F.4th 1128, 1132–38 (8th Cir. 2026). Other circuit courts have applied a more conventional reading and the historical understanding to differentiate § 1225 and § 1226). See, e.g., Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. 2026); Lopez Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026). However, this Court is bound by the majority decision's statutory interpretation in Avila, despite that decision having the effect of rendering much of § 1226 "superfluous," as Judge Ralph Erickson noted in dissent. See id. at 1138–41 (Erickson, J., dissenting). However, Avila addressed only the statutory right to a bond hearing and not the constitutional claim raised by Simranjeet S. M. in his Petition. See id. at 1140 n.8 (Erickson, J., dissenting).

Over the course of the last year and a half, the executive branch has made fundamental changes to the policies and procedures compromising federal immigration law, much of which has been contested. See, e.g., Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem, 793 F. Supp. 3d 19, 42, 86, 89, 94–97 (D.D.C. 2025), aff'd Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin, No. 25-5243, 2026 WL 1110616 (D.C. Cir. Apr. 24, 2026) (affirming grant of

summary judgment in favor of plaintiffs and affirming but modifying class certification order).[1] But all immigration policy changes remain "subject to important constitutional limitations" as the Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693, 695; see also A.A.R.P. v Trump, 605 U.S. 91, 94 (2025) (per curiam) (procedural due process protections apply to removal proceedings for persons detained under the Alien Enemies Act); Refugee & Immigrant Ctr. for Educ. & Legal Servs., 793 F. Supp. 3d at 89. "It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) (cleaned up and citation omitted). Under the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 332 (cleaned up and citation omitted). The Supreme Court has observed in the immigration context, "Congress regularly makes rules that would be unacceptable if applied to citizens," Mathews v. Diaz, 426 U.S. 67, 79–80 (1976), and that "the nature of th[e] protection" to which noncitizens are entitled under the Due Process Clause "var[ies] depending upon status and circumstance." Zadvydas, 533 U.S. at 693–94. Therefore, this Court considers

[1] See Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem, 793 F. Supp. 3d 19, 42 (D.D.C. 2025) (concluding "that neither the INA nor the Constitution grants the President or the Agency Defendants authority to replace the comprehensive rules and procedures set forth in the INA and the governing regulations with an extra-statutory, extra-regulatory regime for repatriating or removing individuals from the United States, without an opportunity to apply for asylum or withholding of removal and without complying with the regulations governing CAT protection"), aff'd Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin, No. 25-5243, 2026 WL 1110616, at *2 (D.C. Cir. Apr. 24, 2026) ("We conclude that the INA's text, structure, and history make clear that in supplying power to suspend entry by Presidential proclamation, Congress did not intend to grant the Executive the expansive removal authority it asserts.").

what protections Simranjeet S. M. is entitled to as a noncitizen detained under § 1225(b)(2) during his removal proceedings.

This Court and multiple other district courts within the Eighth Circuit have applied the factors established by Mathews v. Eldridge, 424 U.S. 319 (1976), when reviewing due process claims brought by detained noncitizens like Simranjeet S. M. See Aleksei M. v. Warden, No. 5:26-CV-05030-RAL, 26 WL 1133615, (D. S.D. April 27, 2026); David J.C.P. v. Blanche, No. CV 26-2181 (DWF/ECW), 2026 WL 1102725 (D. Minn. Apr. 23, 2026); Abbas v. Schneider, No. 4:26-cv-00132-SHL-WPK (S.D. Iowa Apr. 17, 2026); Almazov v. Williams, No. 4:26-cv-00080-RGE-HCA (S.D. Iowa Apr. 16, 2026); Muse v. Mullin, No. 26-CV-4024-CJW-MAR, 2026 WL 1008532 (N.D. Iowa Apr. 14, 2026); Osman J.M.A. v. Blanche, No. CV 26-2123 (DWF/DJF), 2026 WL 1005056 (D. Minn. Apr. 14, 2026); Alicia N.F.C. v. Blanche, No. 26-2145 (DWF/JFD), 2026 WL 1005079 (D. Minn. Apr. 14, 2026); Pedro A.D.L.O.O. v. Bondi, No. 26-1959 (DWF/DJF), 2026 WL 948970 (D. Minn. Apr. 8, 2026); Maldonado v. Olson, 795 F. Supp. 3d 1134, 1148–54 (D. Minn. 2025). Cf. Singh v. Mullin, No. C26-56-LTS-MAR, 2026 WL 1021846 (N.D. Iowa Apr. 15, 2026); Ermekov v. Mullin, No. C26-41-LTS-KEM, 2026 WL 1046766 (N.D. Iowa Apr. 17, 2026). But see, e.g., Gonzalez-Martinez v. Blanche, No. 8:26CV143, 2026 WL 1045701 (D. Neb. Apr. 17, 2026); Sanchez v. Bondi, No. 1:26-cv-00063, 2026 WL 883680, at *2 (D.N.D. Mar. 31, 2026).

Respondents urge the Court not to engage in the interest balancing test under Mathews, but neither the Eighth Circuit's decisions in Avila and Banyee v. Bondi, 165 F.4th 1086 (8th Cir. 2026) nor the current administration's approach to immigration law renders Mathews inapplicable. Respondents alternatively argue that the Mathews factors do not justify granting the petition. Id.

The Mathews factors to determine whether civil detention violates due process are: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335. First, a detainee's interest in release from detention is "the most elemental of liberty interests." Hamdi v. Rumsfeld, 542 U.S. 507, 529-31 (2004). "A noncitizen who has lived for years in the interior of the United States and established connections in the country acquires a protectible liberty interest." Abbas. No. 4:26-cv-132, at 11 (quoting Barrera Leon v. Warden. No. 4:26-1341,2026 WL 90519, at *3 (S.D. Tex. Apr. 2,2026)). Simranjeet S. M. had been in the United States for nearly four years between his release from initial detention in September of 2022 and his arrest in June of 2026.

As to the second factor, Simranjeet S. M. argues that he has had no bond hearing, or any process to meaningfully assess whether he should be detained during the pendency of his removal proceedings. Other district courts have characterized the risk of erroneous deprivation as "severe" when "[r]espondents are proposing *no procedure at all*." Abbas. No. 4:26-cv-00132, at 12 (emphasis in original). Respondents argue on the second factor that "there is no risk of an erroneous deprivation of rights" that additional process would protect against because the only fact relevant to Simranjeet S. M.'s detention are his admission status. The circumstances of Simranjeet S. M.'s case suggest a limited basis to fear an erroneous deprivation here.

This Court previously granted a petition in a somewhat similar case in Aleksei M., but the differences between Simranjeet S. M.'s case and Aleksei M.'s case are material. See Aleksei M., 2026 WL 1133615, at *1-3. Aleksei M. presented himself at the border to immigration officials

with his wife and minor child seeking asylum as a pro-democracy supporter of Vladimir Putin's now-deceased political rival Alexei Navalny. Aleksei M., 2026 WL 1133615, at *1. Simranjeet S. M. has made no claim of fear of any such persecution in India and did not present himself to immigration officials. Aleksei M. had a history of compliance with DHS, including notifying DHS when the family moved to Illinois. Id. Simranjeet S. M.'s whereabouts were apparently unknown to DHS, as he had a suspended license from New York yet claims to be residing in Fresno, California. Aleksei M. had a plausible claim to an error in immigration paperwork, and his wife and minor child were not being subject to deportation. Id. Despite the similarities in Simranjeet S. M. and Aleksei M. having work authorization and being truckers both stopped in Belle Fouche for traffic violations, the differences make a risk of erroneous deportation far greater in Aleksei M.'s case than in Simranjeet S. M.'s case. Moreover, Simranjeet S. M. will have an opportunity to support his asylum petition administratively.

Third, the Government has a recognized significant interest in "ensuring that persons subject to removal do not commit crimes or evade law enforcement," Maldonado, 795 F. Supp. 3d at 1153–54. Simranjeet S. M. was driving a commercial tractor-trailer without a valid license but otherwise has no criminal record. In the past, courts have held that "[t]he Government's interest in continuing to detain Petitioner is further diminished where . . . the Petitioner has no criminal record, has attended all of his immigration court hearings, and has significant ties to the community—factors that bear directly on flight risk and dangerousness." Bonilla Chicas v. Warden, No. 5:26-CV-00131, 2026 WL 539475, at *11 (S.D. Tex. Feb. 20, 2026). Simranjeet S. M.'s private interest in liberty is high, but the risk of erroneous deprivation of that interest under the circumstances seems limited. Thus, this Court finds that the third factor weighs in favor of the Respondents.

Simranjeet S. M.'s continued detention furthers the Government's interest in ensuring Simranjeet S. M. appears at future hearings. The fiscal and administrative burdens at issue, the costs of detention pending deportation of non-violent asylum seekers coupled with the preexisting regulations on individualized detention assessments weigh against the Government, but do not outweigh the legitimate interests at stake under the unique circumstances of this case. See Almazov, No. 4:26-cv-00080, at 14. (citing 8 C.F.R. § 212.5(b) (2022)); See also Hyppolite v. Noem, 808 F.Supp.3d 474, 494 (E.D.N.Y. 2025).

Because the Mathews factors do not weigh in favor of Simranjeet S. M., this Court concludes that Respondents did not violate Simranjeet S. M.'s due process rights by detaining him without a bond hearing under these circumstances. With the Avila decision having, rightly or wrongly, stripped rights to a detention hearing under § 1226 to allow the administration to treat people like Simranjeet S. M. as "seeking admission" under § 1225, this Court cannot employ the APA to circumvent Avila or, as Count Six requests, rule differently than Avila. Simranjeet S. M.'s entitlement to habeas relief is only under the Fifth Amendment and not the Fourth Amendment, and his case falls short of justifying the order for release from custody that he seeks.

## III. Conclusion

For the reasons explained above, it is

ORDERED that the Petition is denied, and this case is dismissed without prejudice to filing another Petition depending on the outcome of Simranjeet S.M.'s asylum application or length of detention without bond hearing.

DATED this 18th day of August, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE